IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE A. HARRIS,

                Plaintiff,

vs.                              Case No. 15-4978-SAC-KGS

UNITED STATES POSTAL SERVICE,

                Defendant.

## MEMORANDUM AND ORDER

In this Federal Tort Claims Act (FTCA) case, plaintiff alleges that she was injured on August 1, 2013 after falling on a damaged walkway which was not adequately marked with warning signs. The walkway was on defendant's premises in Douglas County, Kansas. Plaintiff filed this action in Douglas County District Court on October 28, 2015. Defendant removed the case to this court on December 16, 2015.

This case is now before the court upon defendant's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1) and 12(b)(5). In this order the court shall concentrate upon defendant's arguments that the court lacks subject matter jurisdiction over plaintiff's action.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) generally takes one of two forms - - a facial attack which argues there is no jurisdiction even

1

accepting the complaint's allegations as true, or a factual attack which goes beyond the allegations in the complaint and challenges the facts on which subject matter jurisdiction is based. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). With a factual attack, the court has discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. Id. Referring to such materials outside of the complaint will not convert the motion to a summary judgment motion unless the jurisdictional question is intertwined with the merits of the case. Id.

The facts regarding the jurisdictional issues in this case appear undisputed. Plaintiff contacted Rob Conard, a United States Postal Service Tort Claims Coordinator, on the day she was injured, August 1, 2013. She advised him that she had fallen and hurt her right foot, wrist, ribs and cell phone. On August 8, 2013, Mr. Conard wrote plaintiff and enclosed a Standard Form 95 for filing an administrative claim. His letter included instructions on completing the form. The letter stated in part that "**A claim is not valid without a total claim amount stated in 12d.**" The form itself also contains a similar warning message. On June 13, 2014, plaintiff's counsel wrote to Conard about plaintiff's fall and her injuries. The letter states in part:

> As a result of the fall, Ms. Harris suffered a fracture to her foot, contusions, and a sprained wrist. She [i]s currently involved in physical therapy. In addition to her continued pain and suffering, Ms. Harris broke her cell phone.
>
> We intend to seek compensation for Ms. Harris's person injuries and expenses incurred due to the fall. Upon receipt of doctors' and physical therapy reports, the matter will be moved to the next step, which may include a district court filing.

Doc. No. 14-2. There was no response to this letter. Plaintiff has not filed an administrative tort claim with the Postal Service which contains a damages claim for a sum certain.

"It is well settled that the United States, as sovereign, is immune from suit except as it consents to be sued and that the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action." Three-M Enterprises, Inc. v. United States, 548 F.2d 293, 294 (10th Cir. 1977). The question here is whether the United States has consented to the United States Postal Service or the United States being sued under the circumstances of this case. As plaintiff notes, under the Postal Reorganization Act, 39 U.S.C. § 401(1), the Postal Service has the general power to sue and be sued. But, this general waiver of sovereign immunity must be read in conjunction with the provisions of § 409(c) which provides that "[t]he provisions of [the FTCA] and all other provisions of Title 28 relating to tort claims shall apply to tort claims arising out of the activities of the Postal

3

Service."  The provisions of § 401(1) and § 409(c) have been read together to limit the general waiver of sovereign immunity so that tort claims must be brought under the provisions of the FTCA.  Boehme v. U.S. Postal Service, 343 F.3d 1260, 1263 (10th Cir. 2003).

Plaintiff has failed to follow the requirements for bringing an FTCA claim in at least two respects.  First, plaintiff has not followed the requirement of naming the United States as defendant.  The United States is the only proper defendant in a FTCA action.  Smith v. U.S., 561 F.3d 1090, 1099 (10th Cir. 2009) cert. denied, 558 U.S. 1148 (2010).

Second, and more importantly, plaintiff did not file an administrative tort claim as necessary for this court to have jurisdiction over plaintiff's case.  Defendant cites 28 U.S.C. § 2675(a) as the source of the jurisdictional requirement.

Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

According to 28 C.F.R. § 14.2(a), an administrative claim is presented when a Standard Form 95, or other written notification of an incident, accompanied by a claim for money damages in a sum certain is presented to a federal agency.  The Tenth Circuit considers this a jurisdictional requirement which cannot be waived.  Estate of Trentadue ex rel. Aguilar v. U.S., 397 F.3d 840, 852 (10th Cir. 2005).

Plaintiff has alleged in her response to the motion to dismiss that her attorney mailed a letter to Mr. Conard regarding plaintiff's claim in mid-June 2014.  The letter describes plaintiff's fall and plaintiff's injuries, and the items for which plaintiff would seek compensation.  It does not, however, set forth a claim for money damages in a sum certain.

The notice requirements for bringing a claim against the United States are part of the conditions for a limited waiver of the government's sovereign immunity and are strictly construed. Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991).  In several cases, the Tenth Circuit has held that the failure to present a claim for a sum certain deprives the court of jurisdiction over a FTCA action.  Gladden v. U.S. Dept. of Justice, 18 Fed.Appx. 756, 758 (10th Cir. 2001) cert. denied, 535 U.S. 970 (2002)(failure to comply with sum certain requirement means no administrative exhaustion); Lucero v. Riley, 52 F.3d 338 *2 (10th Cir.) cert. denied, 516 U.S. 968

(1995)(administrative complaint which did not request a sum certain did not meet administrative claim requirements); <u>Kendall v. Watkins</u>, 998 F.2d 848, 852-53 (10th Cir. 1993) <u>cert. denied</u>, 510 U.S. 1120 (1994)(letters sent to federal agency which did not state a claim for a sum certain failed to comply with FTCA administrative claim requirements); <u>Cizek v. U.S.</u>, 953 F.2d 1232, 1233-34 (10th Cir. 1992)(no administrative exhaustion when Standard Form 95 did not contain a claim for a sum certain); <u>Bradley</u>, 951 F.2d at 271 (counsel letter valuing claim as "in excess of $100,000" was not sufficient to satisfy administrative exhaustion requirement).

Plaintiff also argues that the Postal Service should have notified plaintiff of the deficiency in plaintiff's administrative claim. The court rejects this argument. The Standard Form 95 mailed to plaintiff states:

> A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **<u>SUM CERTAIN</u>** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **<u>TWO YEARS</u>** AFTER THE CLAIM ACCRUES.

The form also states: **"Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights."** This cautionary language satisfies any duty upon the

6

Postal Service to advise plaintiff of the requirement that a proper administrative claim contain a damages amount in a sum certain.  It distinguishes this case from the case cited by plaintiff, Molinar v. U.S., 515 F.2d 246 (5th Cir. 1975), where there was no warning on the Standard Form 95 of the two-year limitations period by which to claim a "sum certain."  Molinar is also distinguishable from this case because in Molinar, the plaintiff had submitted bills which the court determined were sufficient to give the government agency notice of a sum certain damages claim.

For the above-stated reasons, the court finds that defendant's motion to dismiss (Doc. No. 10) should be granted and that this case should be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2016, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge